# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THOMAS LEE WILLIAMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No: 19 C 6750 |
| WEXFORD HEALTH SOURCES, INC., et al., | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Defendant Ghaliah Obaisi, executor of the estate of Dr. Saleh Obaisi, has moved to dismiss the claim against her brought by plaintiff Thomas Williams. Williams, an inmate in the Illinois Department of Corrections, alleges that Dr. Obaisi and the other defendants were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment to the Constitution. The Obaisi estate (which the Court will refer to as Dr. Obaisi from here on in) has moved to dismiss, contending that Williams's claim against him is barred by the statute of limitations. The Court will not require a response to the motion, because it is wholly lacking in merit—it isn't even close. The Court denies the motion for the reasons stated below.

Williams alleges in his amended complaint that he started having chest pains and felt a lump in his chest in 2011. He reported this to prison medical staff at Menard Correctional Center, including physicians employed by Wexford Health Sources, but says they ignored his complaints. In 2014 through 2016, while incarcerated at Stateville

Correctional Center, Williams says that he repeatedly reported his pain and the lump to Dr. Obaisi, who also worked for Wexford. Williams says that he repeatedly implored Dr. Obaisi to conduct appropriate medical testing—which might have included an MRI or CT scan or a biopsy—literally begging to be sent for appropriate examination to determine the reason for his pain and the nature of the lump "[b]efore it's too late for me and I have irreparable damage or worse." Am. Compl. ¶ 5. Dr. Obaisi, however, ignored his complaints and requests for appropriate treatment. Williams was transferred to a different prison in 2016, and the same indifference to his plight took place there.

Finally, in 2018, after Williams was transferred to Dixon Correctional Center, he was sent to a local hospital for a CT scan. The scan showed "abnormal severe and extensive adenopathy throughout the neck, chest, abdomen, and pelvis" that "most likely represents lymphoma with secondary malignant adenopathy also be considered." A biopsy conducted in early 2019 confirmed that Williams has stage IV lymphoma, putting him in a category of persons with a reduced life expectancy. Williams alleges that if Dr. Obaisi had not steadfastly ignored his complaints, grievances, and pleas for treatment, his lymphoma would have been discovered much sooner, he could have gotten appropriate treatment years earlier, and this would have added years to his life expectancy.

Dr. Obaisi has moved to dismiss. He contends that Williams's Eighth Amendment claim against him accrued, at the latest, in 2016 when Williams was transferred out of Stateville and thus was no longer under Dr. Obaisi's care. Dr. Obaisi relies on *Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001), which he contends establishes as a matter

of law that "plaintiff's claims agains Dr. Obaisi began to accrue on April 20, 2016, because it was on this date that [plaintiff] left Stateville; and thus, said Defendant lost the power to intervene in his medical care.   Def.'s Mot. to Dismiss at 4.

The year 2016 was two and one-half years before Williams was diagnosed with cancer and got medical confirmation that the lump he felt represented a serious medical condition, rather than the non-issue that Dr. Obaisi treated it as.   If Dr. Obaisi's argument were correct, and Williams' claim accrued under the law before he even became aware that the he suffered an injury from Dr. Obaisi's deliberate indifference, the law would quite rightly be viewed as monstrous.   But Dr. Obaisi and his counsel have it wrong.   As the Seventh Circuit held in *Devbrau v. Kalu*, 705 F.3d 765 (7th Cir. 2013)—a case that Dr. Obaisi's counsel could have found by simply Shepardizing or Key-Citing *Heard*—the limitations period on an Eighth Amendment claim of the sort asserted by Williams "does not begin any *earlier* than the date on which the plaintiff knows of his physical injury and its cause."   *Id.* at 769.   The court read *Heard*—a case in which the plaintiff's claim of continuing failure to provide surgery for a diagnosed ruptured hernia was found *timely*—as simply applying the "continuing violation" doctrine, which is not at issue on Williams's claim against Dr. Obaisi.   *Devbrau*, 705 F.3d at 760.   And the court rejected an argument identical to the one made by Dr. Obaisi here.   It summed up the rule for Eighth Amendment claims of the sort asserted by Williams in the present case as follows:

> [P]laintiff contends that the defendants' deliberate indifference delayed the diagnosis of his cancer until after it metastasized, foreclosing successful medical intervention.   He learned of that injury no earlier than October 21, 2005, when he received his cancer diagnosis.   He filed this suit on October 19, 2007, almost two years later and just before the statute of limitations expired.

*Id.*

The same is true here. Williams's claim against Dr. Obaisi for deliberate indifference accrued when Williams learned he had cancer. He filed suit well within two years of that date. His claim against Dr. Obaisi is not time-barred. The motion to dismiss [41] is denied. Dr. Obaisi is directed to answer the complaint within 21 days of this order.

Date: December 21, 2019

_____
MATTHEW F. KENNELLY
United States District Judge